## H. B. BOYD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6751.  Promulgated May 12, 1927.

Deductions claimed for losses in business and for debts, represented by notes charged off, will not be allowed unless by satisfactory evidence it is shown that an actual loss in the one case has occurred, or, in the other, that satisfactory evidence shows there has been failure after proper efforts to collect or that investigation shows notes charged off to be worthless; the mere fact of charging off notes not being sufficient evidence of their worthlessness.

*Milo A. Lang, Esq.*, for the petitioner.
*F. O. Graves, Esq.*, for the respondent.

The Commissioner determined deficiencies in income tax for the year 1919 of $960.16 and a penalty of $240.04; for 1920 a tax of $1,363.55 and a penalty of $340.89, and for 1921 a tax of $101.14 and a penalty of $25.89. An overassessment of $37,920.66 was determined for the year 1917.

Petitioner claims that the Commissioner failed to allow proper deductions for salaries paid office assistants, losses, and for worthless accounts and notes.

### FINDINGS OF FACT.

The petitioner is a resident of Sarcoxie, Mo., and was during the years 1919, 1920, and 1921 engaged in banking, real estate, and farm loan business.

During the three years 1919 to 1921, inclusive, petitioner had at different times different office and clerical assistants and paid them as salaries in 1919 the sum of $870; in 1920, $975; and in 1921, $975. The Commissioner allowed a deduction on this account of $663.50 for 1919, $375 for 1920, and $725 for 1921.

Petitioner owned a one-fourth interest in the R. W. Wilson Motor Co., a Missouri corporation, which began to liquidate in 1921, in which year petitioner took over its entire assets.

In 1917 petitioner owned $2,000 par value of the stock of the Main Street Theatre, in Picher, Okla., and thereafter he paid an assessment thereon of $250. In 1919 the theatre was destroyed by fire.

Petitioner invested $2,506 in an oil lease in Starr County, Texas, in 1920.

Petitioner owned in 1920, $2,000 par value of the capital stock of the Forsythe Electric Light & Mill Co. In that year the entire assets of the company were sold under foreclosure proceedings to satisfy a $5,000 indebtedness thereon, E. B. Jacobs, trustee, becoming the pur-

chaser thereof. Shortly thereafter one Loren Seneker reorganized the company and offered stock in the new company for 50 cents on the dollar to those who had stock in the old company, and petitioner received $2,000 of the stock in the new company.

In 1903 petitioner became the owner of certain lands in Newton County, Mo., which cost him $4,500. He later sold a two-thirds undivided interest therein for $3,000. In January, 1920, the entire tract of land was sold for $1,400.

In the three years, 1919, 1920, and 1921, the petitioner charged off as worthless notes totaling $22,469.92.

OPINION.

LITTLETON: The Board is satisfied from the evidence that the petitioner paid for clerical and stenographic assistance in the year 1919, $870; in 1920, $975; and in 1921, $975. The amounts so paid were proper deductions from gross income as ordinary and necessary expenses.

Petitioner claimed an interest in and loss on certain " Gilstrap " notes, but there is no sufficient evidence in the record to enable the Board to make any findings of fact in reference to the particular notes referred to as " Gilstrap " notes, their dates, amounts, character, or what loss, if any, was in fact suffered by petitioner on account thereof.

Petitioner owned a one-fourth interest in the R. W. Wilson Motor Co., a corporation, but just what that interest cost him or what loss, if any, he finally sustained by reason of such ownership, the evidence does not disclose. The Board must therefore approve the action of the Commissioner in not allowing the deduction claimed.

Petitioner owned $2,000 par value of the capital stock of the Main Street Theater, Picher, Okla., for which he paid par and paid an assessment of $250 thereon. He claimed a loss of $1,910.60, but the Board can not determine from the evidence what loss, if any, the petitioner sustained by reason of his stock ownership and the subsequent destruction of the theater by fire. The evidence discloses that after the fire the corporation owned some assets and had a considerable amount of cash and that the matter of acquiring other property and continuing the business was considered by the directors and stockholders. What finally happened is not disclosed and we are therefore unable to determine what loss, if any, this petitioner sustained in that regard.

Petitioner purchased from E. A. Boyce an interest in an oil lease on land in Starr County, Tex., for which he paid $2,506. He claims this investment was a complete loss in the year 1920. The only evi-

dence in support of this claim is the statement of petitioner in his deposition that there developed some defect in the title to the leased premises and for that reason no efforts were made by the lessees to operate under leases or to pay royalties provided for therein. The Board is unable from the evidence to hold that petitioner sustained a loss of $2,506.

The petitioner owned $2,000 par value of the capital stock of the Forsythe Electric Light & Mill Co., which he claims was a total loss in 1920 by reason of the sale of the entire assets of the company in that year to satisfy an incumbrance thereon. The evidence does not show the cost or March 1, 1913, value of the stock and without this information the Board can not determine what loss, if any, was sustained.

Petitioner claimed a loss of $1,033.33 on account of his investment in Newton County, Mo., lands which he acquired in 1903 and sold in January, 1920, but there is no evidence as to the value of such lands on March 1, 1913, and the Commissioner can not be held in error for disallowing the loss claimed.

Petitioner was asked if he sustained a loss of an investment in the Realty Assurance Corporation and replied that he did and filed as exhibits to his deposition photostatic copies of two checks drawn by him; one for $57.50 payable to Jones and another for $15 payable to Realty Assurance Corporation, without further statement or explanation touching said corporation or his alleged investment and loss therein. Upon this evidence the action of the Commissioner in not allowing a deduction of $72.50 as a loss is approved.

The petitioner claims to have ascertained, determined, and charged off in each of the three years, 1919, 1920, and 1921, as worthless, notes given him for money loaned, but there is not sufficient evidence to enable the Board to make findings of fact that such debts were in fact worthless. No evidence was adduced to show that the makers of the notes were insolvent or that any proper and reasonable efforts were made to collect. In these circumstances the Board must affirm the action of the Commissioner in disallowing the deductions claimed. *Appeal of Valdosta Grocery Co.*, 2 B. T. A. 727. *Appeal of Alemite Die Casting & Mfg. Co.*, 1 B. T. A. 548.

*Judgment will be entered on 20 days' notice, under Rule 50.*